No. 9840.

THE STATE EX REL. W. D. GOOCH VS. J. E. ROBINSON, JUSTICE OF THE PEACE, PARISH OF DESOTO.

In an application for writs of *certiorari* and prohibition, the complaint of the relator that the inferior court has issued an unwarranted execution against his property, will not be favorably entertained by the Supreme Court, if the record shows that the relator had himself previously submitted to the court *a qua* the question of the alleged illegality of the execution which he resists, by means of an injunction.

The judgment rendered on said injunction by a court of competent jurisdiction must be held as having disposed of all the points of law involved in the alleged illegality of the execution, especially when it appears that there had been a regular trial, in which all the rules of legal procedure had been observed.   Hence, such a judgment cannot be reviewed otherwise than on appeal.

The supervisory jurisdiction of the Supreme Court under a *certiorari* must be restricted to an examination into the validity of the proceedings held in the lower court; it cannot be exercised to review the judgment as to its correctness either on the law or on the facts of the case.

The supervisory powers of the Court must not be confounded with its appellate jurisdiction.

APPLICATION for Certiorari and Prohibition.

*Wm. Goss* for the Relator.

*Geo. E. Head* for the Respondent.

The opinion of the Court was delivered by

POCHÉ, J.   Relator complains that an illegal and unwarranted exe-

State ex rel. Gooch vs. Robinson.

cution against him has been issued by respondent, under the following circumstances:

As a judgment creditor in respondent's court, relator issued an execution and caused the seizure of property belonging to his debtor; and on the opposition of a third party, a judgment was rendered by the justice of the peace, allowing the proceeds of the property thus seized to the third opponent.

Subsequently, demand was made upon relator by the constable of the court for payment of costs incurred in the third opposition, for the preservation and preparation for sale of the property seized and sold under execution as above stated. On his refusal to pay the costs thus demanded of him, on the ground that the same were unlawfully charged to him, the respondent illegally caused execution to issue against him in satisfaction of the costs thus illegally charged to him, amounting to a sum less than ten dollars, in the absence of any and all legal prerequisites.

Whereupon relator sued out of respondent's court a writ of injunction in order to restrain said unwarranted execution. On trial, his injunction was dissolved and the execution was thus allowed to proceed against him. Hence, his present application was made with a view to test the validity of the respondent's proceedings.

Conceding that the execution complained of had been wrongfully obtained, and that on the trial of relator's injunction respondent erred in rendering a judgment dissolving the same and sustaining the wrongful execution, we find no warrant for our interference in the premises under our supervisory jurisdiction.

In the trial of the injunction over which respondent had undoubted jurisdiction, a jurisdiction invoked by the relator himself, all the rules of procedure and all the forms of law were followed and observed by the justice of the peace—who rendered his judgment only after a legal trial and after full hearing of the parties.

The record contains no suggestion of the least invalidity of the proceedings, and the validity of the same is the only question for review under the writ of *certiorari*. Under such a proceeding this Court can exercise no appellate jurisdiction, and cannot review the judgment in order to pass upon or test its correctness, either in law or in fact. Such an examination is exclusively and solely within the province of the court having appellate jurisdiction in the premises. If no appeal lies from the judgment, it shares the fate of all judgments which are not appealable in nature or character.

The only question open for discussion in the proceeding before us,

under the pleadings, is the alleged error of the respondent in rendering a judgment maintaining and countenancing an execution alleged to have been obtained in wanton violation of law.

To attempt to review that judgment would be on our part an assumption of an appellate jurisdiction which does not exist, and would involve us in a greater error than that which is charged against the respondent. State ex rel. Wood & Bros. vs. Judge, 38 Ann. 377; State ex rel. Berthoud vs. Judge, 34 Ann. 782; State ex rel. Wood vs. Judge, No. 9773, not reported.

We are, therefore, powerless to grant any relief to relator under these proceedings.

It is, therefore, ordered that the alternative writs herein granted be set aside, that said writs be declined, and that relator's application be hence dismissed at his costs.

Mr. Justice Watkins dissents from this opinion, and reserves his right to present his views in writing.

### DISSENTING OPINION.

WATKINS, J.   Relator obtained final judgment against Isam Henry on the 29th of October, 1885, for his debt and cost; and, under execution, caused to be seized, in satisfaction thereof, among other things, a lot of seed cotton.

This cotton the constable had ginned, packed and advertised for sale.

On the 14th of November, 1885, R. H. Smith filed in the district court a third opposition suit, claiming a preference on the proceeds of the sale of the cotton, on the ground that he was a creditor of the judgment debtor for necessary plantation supplies furnished.

This case was transferred to the justice court, and judgment was rendered thereon the 29th of April, 1886, for the proceeds of sale and the cost of opposition.

Subsequently the constable demanded of the *relator*, as the plaintiff in the original suit, payment of $27.75 cost, *incurred therein.*

Of this he paid $17.40, and refused to pay $10.35 as excessive, illegal and not approved.   The items objected to were for hauling, weighing and ginning the said cotton, and the bagging and ties furnished.

At the request of the constable, and with the assent of third opponent, the respondent issued an execution under the judgment in the third opposition suit, and directed it against relator, judgment creditor in the original suit, and thereunder the constable seized relator's property.

State ex rel, Gooch vs. Robinson.

This sale he enjoined on the ground that said cost was not legal and demandable of him, and could not be enforced against him by execution.

The respondent dissolved this injunction, and ordered the sale to be proceeded with, and relator made application for *certiorari*, with a view to test the validity of the execution for cost and proceedings thereunder.

While it is true that respondent had full and complete jurisdiction over the injunction suit, which relator had invoked in his own favor ; and that all the rules of proceedure and the forms of law were therein pursued ; yet, relator's complaint of the issuance of the execution, by the respondent, in a cause in which there was no judgment against him, and for the recovery of costs not approved, and not taxed as cost, *contradictorily with him,* and not covered by the fee bill—stands out clearly and prominently.

Relator did not apply for a writ of prohibition, and, consequently, no question is raised with regard to the respondent's jurisdiction.   C. P. 845, 846, 851.

The application for *certiorari* necessarily admits his jurisdiction.

The writ only commands him to send to this court a certified copy of his proceedings, in order that their " validity may be ascertained." C. P. 855.

The writ is only granted when "the suit is to be decided in the last resort, and when there lies no appeal, by means of which proceedings absolutely void might be set aside," C. P. 857, 864 ; or when final judgment has been rendered, and execution has issued.   C. P. 866.

In the latter case, the writ of *certiorari* will arrest the execution, until the validity of the proceedings can be determined.

If, upon an examination of the record, the proceedings appear to be null and void, " and have not been *sanctioned* by the party complaining of them," it is the duty of this court to " avoid the proceedings, and direct the inferior judge *to try the case anew,* in conformity with the provisions of the law." C. P. 864.

The execution issued for a sum less than $10, and hence, an injunction against it, *by the debtor in the writ,* could not be appealed to the district court.   The amount sought to be collected, was below the lower limit of its appellate jurisdiction.   Const., art. 111.

This is the test of its appellate jurisdiction.   9 Ann. 236 ; 12 Ann. 784 ; 13 Ann. 150 ; 18 Ann. 398 ; 16 Ann. 47 ; 21 Ann. 307 ; 36 Ann. 423.

The judgment rendered by respondent was final, and unappealable.

A suit seeking to compass the *nullity* of an execution, as one that was illegally issued, cannot be regarded as a *sanction* of it.

The Code clearly contemplates recourse being first sought by the relator, in the court having jurisdiction of his demands; and that the stage of such suit must be "in the last resort," or judgment must have been actually rendered therein, when *certiorari* is applied for.

His pursuit of that relief was not a sanction of the action, or execution.

The case at bar bears no analogy to the State ex rel. Zuberbier & Behan vs. Judge, 33 Ann. 15, wherein relators were shown to have voluntarily appeared, and made answers as garnishees, in response to a citation, afterwards objected to as illegal.

Instead of sanctioning the execution, the relator enjoined and resisted its enforcement.

In State *ex rel.* Geale vs. Recorder, 30 Ann. 450, Manning. C. J., said that C. P. 857 "was framed expressly for those cases where there was no appeal, and where the inferior court was of last resort," by means of which, proceedings absolutely void might be set aside.

In State *ex rel.* DeBuys vs. Judges, 32 Ann. 1256, an application was made " for a *certiorari*, to ascertain the validity of certain proceedings by which the relator was sentenced for a contempt of court, to an imprisonment of ten days and to pay a fine of fifty dollars." The relator complained that he had been arrested, under an order of court, and without a hearing condemned, and sentenced without notice, and that same was illegal.

The Court, quoting from High of Extraordinary Legal Remedies. the following—"the right to a hearing is absolute, and cannot be denied in a court of any grade,"—said: " Where the forms of law in such respect have not been observed, the proper remedy is by *certiorari*."

The paramount law of the land provides that "no person shall be deprived of life, liberty or property without due process of law." U. S. Const. Amend., 5.

In the present case no proceeding had ever been taken against the relator to ascertain and tax the costs in dispute, as is plainly required by R. S. 750. Those claimed of him fall within its provisions. This was a condition precedent to their recovery of *plaintiff* in the suit of Gooch vs. Henry, wherein same were engendered.

In State ex rel. Houston vs. City, 30 Ann. 82, it was held that "*where disputed*, the sheriff's account is but a *claim*, and until acknowledged by a final decree of a competent court, that claim cannot be enforced by mandamus."

State ex rel. Gooch vs, Robinson.

In Beauz vs. Price, 14 Ann. 187, it was held: "Where the *plaintiff* has recovered judgment, the proceeding to render his property liable *in execution* for cost is statutory, and the form of the statute must be strictly pursued, under pain of *nullity.*"

When the respondent issued a writ of execution under the judgment in the third opposition suit against relator, who, *as plaintiff in another suit, had obtained judgment for cost* against Henry—without notice to him and without any judgment authorizing it—he was guilty, in my opinion, of an abuse of legal proceedings, and thereby enabled the constable to seize relator's property *without due process of law.*

His subsequent judgment dissolving the relator's injunction no more rendered the *execution legal,* than did the sentence of the judge for contempt, or the decree of the recorder punishing a violation of the lottery statute.

I am of the opinion that this Court has ample authority, in the exercise of its supervisory power, to declare the respondent's proceedings absolutely void, and to direct him "to try the case anew, in conformity with the provisions of the law."

For these reasons, I dissent from the opinion of the Court.