BREAUX, C. J.
Relator, H. S. Hart, appealed to the district court from a judgment of the city court of the city of Shreveport finding him guilty as charged, and condemning him to pay the sum of $1,000 or to work two years on the public roads as a penalty on the charge of having sent an insulting letter to Miss - (whose name is'omitted) in violation of Act No. 118, p. 181, St. 1888, which makes the slandering and defaming of persons of good “repute without a probable cause” a misdemeanor.
The court, under this statute, condemned the relator, Hart, in default of payment of this fine, to work on the public roads during two years. After relator’s transcript of appeal had been filed and his appeal was pending in the district court, the district attorney moved to dismiss the appeal on the ground that the district court is without jurisdiction on appeal where the fine exceeds $300, and in his motion suggested to the court a qua that the appeal should have been taken to the Supreme Court instead of the district court.
The judge of the district court sustained the motion, and declined to entertain jurisdiction, and dismissed the appeal, on the ground that Act No. 29, p. 34, of 1900, was unconstitutional and in violation of article 85 of the organic law, to the extent that and in so far as it gave to the district court jurisdiction of cases where the fine exceeded $300.
After the appeal had been thus dismissed in the district court, relator applied to that court for an appeal from its decree to the Supreme Court.
The judge of the district court refused to grant relator’s motion for an appeal to the Supreme Court, and decreed that Act No. 29, p. 34, of 1900, is unconstitutional, in so far as the city judge has condemned the defendant to pay an amount which exceeds $300. From this motion relator seeks for relief under the supervisory jurisdiction of this court to compel the judge of the district court to grant him an appeal, or, in the alternative, to compel him to exercise jurisdiction in matter of his appeal from the city court to the district court.
Relator’s contention in opposition to the ruling of the district court is that said court erred in holding that Act 29, p. 34, of 1900, is unconstitutional; that he erred in dismissing the appeal from the judgment of the city court; and that the district court erred in refusing relator’s motion for an appeal to the Supreme Court from the decision declaring Act No. 29, p. 34, of 1900, unconstitut-ional.
*657 In tlie alternative, relator asks that the appeal from the city court be reinstated in the district court.
We have not found it possible to maintain any of these demands — either the direct demands or the demand in the alternative.
The organic law (Const, art. 85) ordains that all appeals, in criminal cases, where a law has been declared unconstitutional, or all appeals where a fine exceeding $300 has been imposed, or imprisonment exceeding six months, shall be made returnable to the Supreme Court.
It follows that the sentence in this case, under Act 29 of 1900, is not appealable to the district court. It was not within the power of the Legislature, in view of the constitutional limitation, to make a judgment in such a ease as the one before us here, condemning a defendant to pay a penalty of $1,-000, and in default of payment to imprisonment for six months, appealable to the district court, and that court was absolutely without jurisdiction of the appeal, and, it follows, without jurisdiction to grant an order of appeal.
In view of the constitutional limitation, no sanction can be given to such an appeal. It must fall.
The appellate jurisdiction of the district ■court is clearly stated. It in no manner in-•eludes an appeal from a judgment in a criminal case exceeding $300.
The order for appeal, if granted, would be without a basis upon which to rest, for, in all cases such as the one we have before us for decision, the appeal is direct to the Supreme Court. The course to be followed is direct to that court, and does not diverge to another court, so as to enable an appellant to take two appeals — one td the district court, and, if unsuccessful, then another to the Supreme Court.
The appeal must come up from the first judgment (the judgment rendered by the city court), and not from a judgment of the district court dismissing the first judgment for want of jurisdiction.
The action of the Supreme Court can be invoked only by the appeal before indicated; that is, from the court of original jurisdiction.
We think our views are sustained by the constitutional provisions fixing the jurisdiction of the respective courts. The city court has concurrent jurisdiction with the district judge in the trial of misdemeanors and felonies of grade named in the Constitution.
The district court has original jurisdiction in all criminal cases, except such as may be vested in other courts.
To the Legislature was delegated the authority to create city courts, and to invest them, subject to certain limitations, with jurisdiction in criminal cases.
In the exercise of that authority, the Legislature has not attempted to restrict the original jurisdiction of the district court, but it only created, under the terms of the Constitution, a city court, with concurrent jurisdiction. The authority, so far as it went, was complete, and the city court, with the district court, has the jurisdiction just mentioned; i. e., concurrent, as relates to crimes referred to in the organic law.
The crime with which the defendant is charged falls within the original jurisdiction of the city court or the district court, but not within the appellate jurisdiction of the district court, for it has no such appellate jurisdiction.
The following is the extent of the jurisdiction of the district court on appeal in matters of a criminal nature; i. e.:
“Persons sentenced to a fine or imprisonment by mayors or recorders shall be entitled to an appeal to the district court of the parish, upon giving security for fine and costs of court, and in such cases trial shall be de novo and without juries.” Article 111 of the Constitution.
The authority vested in mayors and recorders cannot, under any construction, include the judge of a city court. The latter is vest *659 ed with judicial functions. He must he a lawyer. We have seen that, to the extent that he has jurisdiction in criminal eases, it is concurrent with the district court, while, on the other hand, the jurisdictions of the mayor and recorder are much more limited.
Learned counsel urge in opposition to this view that the lawmaking power would not. have given the city courts jurisdiction without a right of appeal to the district court, that the jurisdiction was given them on that express condition, and that, if this court holds that this explicit proviso on which jurisdiction was conferred is unconstitutional, then that the jurisdiction of the city court in criminal cases such as the one before us must fall.
To repeat, the jurisdiction was vested in the city court subject to the right of appeal, and on that express condition.
We are not impressed by that view. The Legislature, in two acts, in separate propositions, has, in rendering the organic law ex-ecutory as relates to city judges, declared the extent of their jurisdiction.
The propositions of said enabling act are not connected with, nor do they enter into, the matter of penalty. The penalty is covered by a separate clause having no special reference to the other clauses of the act relating to the jurisdiction of the court.
One proposition may be void, and this not affect other provisions of the statute. Sedgwick, p. 413. Such part of the law as is repugnant to thp Constitution is adjudged null, whilst other parts remain. There may be validity and invalidity in one act, and, if the invalidity does not enter into the valid in a manner that it cannot be separated therefrom, it does not affect the valid.
As relates to the city of New Orleans, this seeming incongruity was avoided. It is ordained that the city court shall have jurisdiction of all offenses against the state where the penalty does not exceed six months’ im- I prisonment in the parish jail, or a fine of $300, or both; in all other cases the judges of said courts shall have jurisdiction as committing magistrates, with authority to bail or discharge. Article 140.
The defendant’s right of appeal was restricted by the terms of the law to the Supreme Court. There may be — indeed, there is — some incongruity here. But we are not to construe the motives of the law making power in direct opposition to plain and emphatic language. We are not to enlarge or change the article of the organic law.
As relates to the city of New Orleans, it is laid down that the city court shall have jurisdiction of all offenses against the state where the penalty does not exceed six months’ imprisonment in the parish jail, or a fine of $300, or both; in all other cases the judges of said court shall have jurisdiction as committing magistrates, with authority to bail or discharge. Article 140 of the< Constitution. .
As relates to appeal, the Constitution or-| dains expressly, that the District Court shall have appellate jurisdiction in all cases tried before the city criminal court or recorder’s court of New Orleans, which cases shall be on the law and the facts, and shall be tried on the record and the evidence as made and offered in the lower court. Article 139 of the Constitution.
Learned and ingenious counsel refer us in support of their contention to article 96, in which it is ordained that the General Assembly shall have the power to abolish justice of the peace courts, and to create in their stead courts with criminal jurisdiction, “which shall not extend beyond the trial of offenses not punishable at hard labor.”
The new court which succeeds to that of the justices of the peace, in case the Legislature chooses to create such a court, is vested with much larger jurisdiction, and its powers, by other articles, when exercised, are *661 brought directly within the appellate jurisdiction of the Supreme Court — different from the powers of the justice of the peace.
This article 111 of the Constitution does not authorize the Legislature to provide for appeals from city courts to district courts. It does not refer to city courts. Reference to the recorder’s and mayor’s court does not include the City Court.
These courts — the recorder’s and mayor’s courts — have special jurisdiction, whilst the city court was created with the view of exercising larger jurisdiction in criminal matters; involving, as it does, the trial of cases not necessarily punishable at hard labor. The former is restricted to the trial of city ordinances.
“Security for fine and costs of court and trial de novo” are only consistent with the |idea of an appeal from the mayor’s court land recorder’s court, where the penalty is |limited as before mentioned, but not to a city icourt having larger jurisdiction. A convicted ¡defendant for violating any of the laws of Ithe state has a right of appeal, without the ¡necessity of furnishing bond as security for ¡the fine and costs.
Article 85 is also specially invoked by defendant.
It is said that the last clause of the article, which reads, “and in such cases the appeal on the law and the facts shall be directly from the court in which the case originated to the Supreme Court,” has application only to the five preceding clauses of the article, and none to the subsequent clause, which provides as follows:
“(6) And to criminal cases on questions of law alone, whenever the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding three hundred dollars, or imprisonment exceeding six months, is actually imposed.”
The five preceding clauses of the article just cited can be numbered, as relates to the appellate jurisdiction, as follows:
“(1) In all cases where the matter in dispute or fund to be distributed, whatever may be the amount therein claimed shall exceed two thousand dollars, exclusive of interest; (2) to suits of divorce and separation from bed and board and to all matters arising therein; (3) to suits involving alimony, for the nullity of marriage, or for interdiction; (4) to all matters of adoption, emancipation, legitimacy, and custody of children; (5) to suits involving homestead exemptions, and to all cases in which the constitutionality or legality of any tax, toll or impost whatever, or of any fine, forfeiture or penalty imposed by municipal corporation, shall be in contestation, whatever may be the amount thereof, and to all cases, wherein an ordinance of a municipal corporation of a law of this state has been declared unconstitutional, and in such cases the appeal on the law and the facts 'shall be directly from the court in which the case originated to the Supreme Court.”
Defendant concedes, in substance, that the-preceding clauses (1 to 5, inclusive) include all cases wherein a state law has been declared unconstitutional. The sixth clause is. not included in the terms of the clauses 1 to 5, but it is effected the same, under a recent decision of the court, cited infra, and by use of the words “in all cases.”
The law (Act No. 29, p. 34, of 1900) here-has been declared unconstitutional by the-district court. The jurisdiction of the Supreme Court cannot be seriously questioned. The appeal was not to the district court, for it is expressly declared that such an appeal, is to the Supreme Court.
The remaining clause (No. 6, cited above), is subject to the decision in State v. Goff, 106 La. 270, 30 South. 844, in which it has been decided, when a law of this state has been declared unconstitutional, it includes both the uneonstitutionality of acts in civil and in criminal cases. Moreover, “in all-cases,” of the article above cited, embraces the sixth clause of the article as well as the five preceding.
We have arrived at this conclusion after-mature deliberation. The duty of declaring an act of the Legislature unconstitutional is-a delicate one. At the same time, courts will not turn away from declaring an act unconstitutional where it is evident that it is unconstitutional.
The Legislature has it in its power to lim *663 it the jurisdiction of the city courts. It is authorized to grant it certain powers. It is ■not directed to grant all the power laid down 'in the Constitution. It shall not “extend beyond offenses,” to quote from the Constitution, but it may consist of a part of the •authority delegated to create the city courts. 'The remedy is with the Legislature, and not with the courts.
For these reasons, the rule nisi which issued in this case is recalled and annulled, •and the writ of mandamus applied for is re fused, as well as other demands of relator, ¡at his costs.