LAND, J.
Defendant was tried on his plea of not guilty, in the mayor’s court of Many, La., on the charge of “selling intoxicating liquors contrary to law.” He was convicted, and fined $50 and costs, and appealed to the district court.
The defendant filed a motion in that court to dismiss the prosecution against him because the same was based on an ordinance in conflict with the state law on the same subject. Defendant filed another motion to dismiss the charge against him, on the following grounds:
(1) That the complaint does not charge any offense known to the law of said city or the state of Louisiana.
(2) Because the charter of said city of Many, La., does not authorize the enactment of the supposed ordinance, but only authorizes the issuance of licenses, and taxes the sale of intoxicating liquor.
The minutes show that the “motion to dismiss” was argued and sustained by the court. A bill of exception taken by plaintiff recites that the last motion referred to was tried and sustained by the court for reasons which are not disclosed. The minutes further recite:
“Motion for appeal, and appeal granted, both devolutive and suspensive. * * * Bond fixed at fifty dollars.”
No appeal bond was filed as far as the record shows. The transcript contains no notes of evidence or agreed statement of facts. Neither the ordinance nor the charter referred to in the motion to dismiss are in the record. The solitary bill of exception does not state the grounds of objection or the reasons of the court for the action.
No assignment of errors has been filed in this court. We cannot consider this case on the statements contained in the brief filed by counsel for plaintiff and appellant.
The first and paramount question is as to the jurisdiction of this court. Article 111 of the Constitution of 1898 reads, in part, as follows:
“Persons sentenced to a fine or imprisonment, by mayors or recorders, shall be entitled to an appeal to the district court of the parish, upon giving security for fine and costs of court, and in such cases trial shall be de novo and without juries.”
Article 85 of the same Constitution gives this court appellate jurisdiction in all cases in which the constitutionality or legality of any fine, forfeiture, or penalty imposed by a municipal corporation shall be in contestation, but further specially provides that:
“In such cases the appeal on the law and the facts shall be directly from the Court in which the case originated to the Supreme Court.”
The case at bar originated in the mayor’s court, and if the defendant had assailed in that court the constitutionality or legality of the town ordinance under which he was prosecuted, then our appellate jurisdiction would have attached. But, as there was no such contestation, the case was within the appellate jurisdiction of the district court. We have no appellate jurisdiction over the district court in such a case. The offense is not within our general criminal jurisdiction, and our exceptional jurisdiction does not arise, unless there be a contestation over the constitutionality or the legality of the fine in the mayor’s or recorder’s court.
In State ex rel. Hart v. Judge, 113 La. *334 654, 37 South. 546, we held that, in a criminal ease, an appeal would not lie from the Judgment of a district court dismissing an appeal from a city court on the ground that the law authorizing such appeal was unconstitutional.
If, as argued by appellant, the district court exceeded its Jurisdiction in permitting additional pleadings to be filed, raising the question of the validity of the town ordinance, the remedy of plaintiff is not by appeal, but by invoking the supervisory Jurisdiction of this court.
Even if we had Jurisdiction, we could not pass on the cause on the defective record before us.
Considering that we have no appellate Jurisdiction, it is ordered that this appeal be dismissed, at appellant’s cost.