O’NIELL, C. J.
Two appeals have been argued and submitted as one case, because the only issue presented is the question of validity of a certain municipal ordinance.
The trials in the recorder’s court were conducted as criminal prosecutions, notwithstanding the defendant' is a corporation. The prosecutions were commenced by the filing of affidavits, by a police officer, charging that the New Orleans Butchers’ Co-operative Abattoir, Inc., did “willfully violate Ordinance 3018, relative to rendering fats aiid lard on premises.” The affidavits are alike, except that in one, case it is alleged that the offense was committed on Thursday, the 8th of June, 1922, at about 1:30 p. m. and in the other case it is alleged that the offense was committed on Tuesday, the 13th of June, 1922, at about 1:30 a. m.
Ordinance No. 3018, approved January 5, 1916, is as follows:
“An ordinance relative to the business of rendering lard, oil, fat, grease, or other substances of kindred character, from animals or animal matter.
“Section 1. Be it ordained by the commission council of the city of New Orleans that hereafter it shall be unlawful for any person or persons, firm, corporation or corporations, to engage in the business of rendering lard, oil, fat, grease, or other substance of kindred character, from animals or animal matter, within the territorial limits of the city of New Orleans,
“Sec. 2. Be it further, ordained, etc., that any person or persons, firm, corporation or corporations, violating the provisions of this ordinance shall, upon conviction thereof before any court of competent jurisdiction, be fined not more than twenty-five ($25.00) dollars, or sentenced to imprisonment for not more than thirty (30) days, at the discretion of said court.
“Sec. 3. Be it further ordained, etc., that each and every day-’s violation of the provisions of this ordinance shall constitute a separate and distinct offense.”
In each case the defendant filed a demurrer and a motion to quash the affidavit and dismiss the prosecution. The facts alleged in the demurrer and motion to quash were sustained by proof and are admitted. The defendant corporation has been continuously *539 for many yeays, conducting on the eorpora- , tion’s property in New Orleans a slaughterhouse, under authority of municipal ordinances adopted in 1891 and 1901. The business of the company is the slaughtering of cattle for the retail markets in the city. The company supplies about three-fourths of all of the fresh meat that is sold at retail in the city. As a necessary adjunct of the business, the company operates a reducing or rendering plant, in which the offal is converted into greases and fertilizer. The primary object in operating the rendering plant is to get rid of the refuse matter that cannot be disposed of in any other way. While it is fresh, the offal is cooked by steam in closed tanks, from which the gasses are drawn off and consumed in the furnace or smokestack.
It appears that previous to the 9th of January, 1922, the company did not operate a rendering plant or consume the offal or refuse matter on the premises. The St. Bernard Rendering & Fertilizer Company, operating a rendering plant in an adjoining parish, had a contract to take away the daily output of offal from defendant’s slaughterhouse; and it was taken away fresh every day. On the 9th of January, 1922, the St. Bernard Rendering & Fertilizer Company, having become insolvent, defaulted on its contract, and failed to remove the offal from defendant’s slaughter house. The company was not prepared to consume or dispose of the offal in a way that would not' be a public nuisance. It would have caused great public inconvenience to close down the abattoir, and would have been disastrous to allow an accumulation of offal from more than one daj^s slaughter. The officers of the'company, after consultation with the health authorities, national, state and municipal, adopted the rendering process now in vogue, which is admitted to be odorless and harmless. It required several months, however, to construct the plant. In the meantime the company was compelled to get rid of its refuse matter by an emergency process. The process that was adopted and used until the installation of the present' system was completed, about the 1st of July, 1922, was in fact a rendering process, and at times the odor, which could not be prevented, was a nuisance in the neighborhood. It was because of that nuisance, on the 8th and 13th of June, 1922, that these affidavits were filed.
The minutes of the court in each case show that the recorder found the “accused” guilty and sentenced “him t'o pay a fine of $25, or," in default thereof, to serve 30 days in the parish prison.”
In the ease No. 25528 the defendant corporation asked for an appeal both to this court and to the criminal district court; but it appears that the appeal was granted only to this court. The president of the company furnished an appeal bond, signed by him as principal, reciting that he had appealed from the judgment and sentence rendered against Mm. In the case No. 25626 the defendant corporation appealed only to this court, furnishing an appeal bond reciting that the corporation itself had appealed from the judgment and sentence rendered against it.
Considering that an appeal bond is not required in an appeal to this court from a verdict and sentence in a criminal prosecution, we assume, from the recorder’s formal approval and acceptance of the appeal bonds in these cases, that he regarded the cases then as civil suits against the corporation. The anomalous verdict and sentence, proposing to imprison a corporation in default of payment of a fine, might well be declared invalid, without looking into the question of validity of the ordinance that was violated. But the attorneys for the appellants, as well as the city attorney, are anxious that we should overlook all informalities in the proceedings, and decide only the question of val *541 idity of the municipal ordinance, if we have jurisdiction of the question.
 The city attorney has moved to dismiss the appeal for want of jurisdiction. He contends that', according to the second paragraph of section 83 of article 7 of the Constitution, the criminal district court alone has jurisdiction of appeals from the recorders’ courts in New Orleans, even when the constitutionality or legality of a fine, forfeiture, or penalty imposed by a municipal corporation is in contest. The pertinent part of the paragraph is as follows:
“It [meaning the criminal district court for the parish of Orleans] shall have appellate jurisdiction of all cases tried before the juvenile court for the parish of Orleans and the recorders’ courts for the City of New Orleans, as provided in this constitution. Said appeals from the recorders’ courts shall be on the law and the facts and shall be tried upon the records made and the evidence offered in said courts by the judge to whom the appeal shall be allotted.”
Appellant relies upon the fifth paragraph of section 10 of article 7 of the Constitution, con. ferring jurisdiction upon the Supreme Court, viz:
“It [meaning the Supreme Court] shall have appellate jurisdiction in all cases * * * where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the state shall be in contest, whatever may be the amount thereof.”
Our opinion is .that the question of constitutionality or legality of the penalty imposed by the municipal ordinance is a question of which this court alone has appellate jurisdiction. The purpose of the provisions of section 10 of article 7 of the Constitution was to have all questions of such importance, without regard for the importance or lack of importance of any individual ease, appealed directly to the court o'f last resort. There is no reason why such questions should go from one to another court' of inferior jurisdiction. The second paragraph of section 83 of article 7 of the Constitution therefore must be construed as laying down only the general rule with regard to appeals from the juvenile court and the recorders’ courts in the city of New Orleans; and the fifth paragraph of section 10 of the same article must be construed as establishing the rule for the exceptional cases, where the constitutionality or legality of a fine, forfeiture, or other penalty imposed by a municipal or other political corporation is in contest. When a case that would not be otherwise appealable to this court is brought here because the constitutionality or legality of a fine, forfeiture, or other penalty imposed by a municipal or other political corporation is in contest, we do not decide any other issue or question than the question of constitutionality or legality of the fine, forfeiture, or penalty. And that has been construed to mean only the question of constitutionality or legality of the ordinance itself, not any question of fact with regard to the particular case, nor question of legality or regularity of the judicial proceedings. State v. Callac, 45 La. Ann. 27, 12 South. 119 ; State v. Fourcade, 45 La. Ann. 717, 13 South. 187, 40 Am. St. Rep. 249 ; State v. Lochte, 45 La. Ann. 1411, 14 South. 215 ; State v. Marshall, 47 La. Ann. 646, 17 South. 202 ; State v. Zurich, 49 La. Ann. 447, 21 South. 977 ; State v. Hohn, 50 La. Ann. 432, 23 South. 966 ; City of Amite v. Holly, 50 La. Ann. 633, 23 South. 746 ; Board of Aldermen v. Norman, 51 La. Ann. 738, 25 South. 401 ; Police Jury v. Bouanchaud, 51 La. Ann, 863, 25 South. 653 ; State v. Faber, 50 La. Ann. 952, 24 South. 662 ; Gibbs v. Atkins, 110 La. 197, 34 South. 411 ; Town of Ruston v. Fountain, 118 La. 53, 42 South. 644 ; City of Shreveport v. Mackie, 140 La. 724, 73 South. 842 ; City of New Orleans v. Vinci, No. 25,430, ante, p. 528, 96 South. 110 ; State v. Gallagher Transfer & Storage Co. (No. 25282) ante, p. 533, 96 South. 111.
In such cases, originating in the juve *543 nile court or in a recorder’s court, in New Orleans, the criminal district court has exclusive appellate jurisdiction of all questions except the constitutionality or legality of the ordinance imposing the fine, forfeiture, or penalty. The rule is the same with regard to appeals from the municipal courts to the district courts in other parishes. The appeal does not go 'first to the district court' and from that court to the Supreme Court. The reason is that the appellate jurisdiction of the two courts does not overlap, but extends to separate and distinct questions. State ex rel. Hart v. Judge, 113 La. 654, 37 South. 546 ; Town of Many v. Franklin, 115 La. 638, 39 South. 740. If, in such case, an appeal should be taken to the Supreme Court on the question of constitutionality or legality of the ordinance, and to the district court on all other questions at issue, it might be proper for us, if our attention should be called to the appeal to the other1 court, to await the decision of the other court, to avoid the possibility of deciding a moot case. See City of New Orleans v. Vinci, No. 25,430, ante, p. 528, 96 South. 110, on rehearing.
The motion to dismiss the appeal is overruled.
 It appears from the evidence taken on the motion to quash the affidavits — in fact, it is .virtually admitted — that the business that Ordinance No. 3018 undertakes to prohibit, that is, “the business of rendering lard, oil, fat, grease, ,or other substance of kindred character, from animals or animal matter,” can be, and is now being, conducted without harm or nuisance to any one. Appellant contends that an ordinance that undertakes not to regulate, but' to suppress, a legitimate and harmless business, is arbitrary and oppressive, is beyond the police power, and is violative of the tenth section of article 1 and the Fourteenth Article of Amendment of the Constitution of the United States and violative of the second section of article 1 of the Constitution of the' state.
The defendant in these cases is not being prosecuted for having committed a nuisance on the 8th or 13th of June, 1922, but for having been, as the statute says, “engaged in the business of rendering lard, oil, fat, grease, or other substance of kindred character, from animals or animal matter, within; the territorial limits of the city of New Orleans,” on the dates mentioned. If these convictions should be affirmed, it is not because a nuisance was committed, or because any harm was done, on the 8th or 13th of June, 1922, but because the defendant was on those dates engaged in the forbidden business, which has been going on ever since. According t'o the third section of the ordinance, every day’s business has been a separate and distinct offense. Therefore, if the verdict and sentence should be affirmed in these cases, tiie officers of the defendant company ought to be prosecuted and convicted for each of the 348 other “separate and distinct offenses” that have been committed since the 8th of January, 1922. In fact, we do not see how the courts could avoid putting the defendant out of business .if the ordinance is valid and the municipal authorities see fit to enforce it. It is admitted, and might go without saying, that the municipal authorities do not intend to enforce the ordinance to the letter. Their intention, as we understand, is to use the ordinance as a regulatory measure, by enforcing it only against those whose rendering business becomes a nuisance. In such cases, as in this case, the parties conducting the business would be convicted, not because they-committed a nuisance, but because they were engaged in the rendering business. The question of nuisance vel non would not be an issue in the case. If the municipal government of New Orleans could exercise such ■arbitrary power, so could every municipal government in the state hold a guillotine over *545 any'and every legitimate business. That is not the way to control or regulate any business. A business that is a nuisance per se may, of course, be abolished by the municipal government; but a legitimate business, that can be conducted without interference with public health, safety, morals, comfort, or happiness, is subject only t'o such reasonable regulation by the police power as is necessary to make the business harmless in that respect.
Our opinion is that the Ordinance No. 3018 is not a valid exercise of the police power.
The verdict and sentence in ■ each case is annulled.