OVERTON, J.
 

 Relator was convicted and sentenced in the city court of Minden for carrying a weapon concealed on or about his person, in contravention of the laws of this state. One of the questions presented is whether the court that convicted and sentenced relator had jurisdiction of the offense. Relator contends that it had not, because the Legislature, in creating the court, did not vest it with jurisdiction in criminal eases.
 

 The court was created by Act No. 18 of 1926, which was enacted under section 51 of article 7 of the Constitution of 1921. The section, under which the act was passed, reads, in part as follows:
 

 “The Legislature shall have the power to abolish justice of the peace courts in wards embracing the parish seat, or containing cities of more than five thousand inhabitants, and to create in their stead courts with such civil jurisdiction as is now vested in justices of the peace, and with criminal jurisdiction which shall not extend beyond the trial. of offenses not punishable.by imprisonment at hard labor under the laws of this state, and with jurisdiction-of cases for the violation of municipal and paro-' chial ordinances, and to hold preliminary examinations in cases not capital, and to require bonds to keep the peace. * * * ”
 

 The section also provides for the conferring of certain civil jurisdiction on said courts beyond that vested in justices of the peace, in cities where the combined population of the city and the ward, or wards where the city is located, is 10,000 or more, and also provides for the fixing of the compensation of the judges of said courts, and for their election.
 

 Act 18 of 1926, in the first section thereof, abolished the office of justice of the peace in Ward 4 of Webster parish, and created in place thereof the city court of Minden, under section 51 of article 7 of the Constitution, cited and quoted in part above, and expressly vests the court with civil jurisdiction, to the full extent authorized by the Constitution, where the combined population of the city and ward is 10,000 or more, but neither in the first section of the act nor anywhere else in it is there any express provision as to what criminal jurisdiction, if any, the court may exercise. Because of the silence of the act in this respect, relator contends that the court is without power to exercise criminal jurisdiction. On the other hand, the state contends that the power of the court to exercise criminal jurisdiction results, under the section of the Constitution cited, from the mere fact of the creation of the court, and if not, that the Legislature conferred upon the court by clear’ implication the full criminal jurisdiction authorized by that' section of the Constitution.
 

 We find it unnecessary to decide wheth.er the court has power to exercise criminal' jurisdiction from.the mere fact of its creation or not, for in our opinion the Legislature has authorized it to exercise such jurisdiction to the full extent outlined in section 51 of article 7 of - the Constitution. While the Legislature has not so authorized it by express' provision, yet it has done so by clear implication. That it authorized the court to exercise
 
 *189
 
 criminal jurisdiction clearly appears from the fact that in section 10 of the act, creating the court, the Legislature has provided for the disposition of all fines, bond forfeitures, and penalties collected in the court in prosecutions on behalf of the city and also on behalf of the state, and from the further fact that in section 6 of the act the Legislature has provided that, in criminal cases, the judge of the court shall receive no fees, but, for his services therein, shall receive a salary of $2,000 a year, payable on his own warrant, one-half by the city of Minden and one-half by the parish of Webster. Why these provisions as to the disposition of fines in prosecutions by the city and the state, and the payment of the judge’s salary in criminal matters, if the Legislature contemplated that the court should not have criminal jurisdiction? Obviously, the Legislature contemplated that the court should have such jurisdiction. Such being the case, the only question that remains to be decided, in this connection, is the extent of the criminal jurisdiction that the Legislature contemplated the court should exercise. The Legislature, in creating the court, expressly did so under section 51 of article 7 of the Constitution. In the absence of any expression to the contrary, in the act creating the court, we think it clear that the Legislature contemplated that the court should exercise the criminal jurisdiction, which was obviously granted, to the full extent outlined in section 51 of the Constitutional article cited, otherwise the Legislature would have made its intention to the contrary clear. We find nothing in State ex rel. Hart v. Judge, 113 La. 654, 37 So. 546, cited by relator, which leads to a different conclusion from the one here expressed.
 

 Relator also urges that the act, creating the court, cannot become effective under the Constitution, until the expiration of the term of office of the justice of the peace of the Minden ward, which term does not expire until after the next general election. Hence relator urges that he was convicted by a court that had not yet come into existence. This contention is based upon the fact that justices of the peace, as appears from section 47 of article 7 of the Constitution, are elected for a term of four years, and that the Legislature cannot deprive one of them of his office by abolishing it before the expiration of the term for which he was elected. This contention cannot be sustained. Without going further, it is sufficient to say that another section of the same article, that is, section 51 thereof, authorizes the Legislature to abolish the office of the justice of the peace in certain wards, and to create instead, and put in operation, a court with greater jurisdiction than that presided over by a justice of the peace, and this without reference to whether or not the term of office of the justice of the peace has expired, or whether he will be thereby deprived of his office before the expiration of his term.
 

 For these reasons, the judgment under review is affirmed, and the stay order that issued is revoked.