No. 3115

Second Circuit

(Second Division)

———

HILLMAN v. POLICE JURY OF WEBSTER PARISH

———

(April 9, 1931. Opinion and Decree.)

———

McInnis & Campbell, of Minden, attorneys for plaintiff, appellant.

Robert F. Kennon, of Minden, attorney for defendant, appellee.

TALIAFERRO, J. Plaintiff was appointed constable of ward 4 of the parish of Webster (which includes the city of Minden) in January, 1925, and contends that his term of office would expire about June 1, 1928.

The police jury of the parish fixed the salary of the office at $75 per quarter, or three months, and paid same to October 1, 1926, thereafter declining to make further payments on that account.

This suit was brought against said police jury to recover judgment for salary alleged to be due for the last quarter of 1926 and first quarter of 1927, amounting to $150.

Defendant's answer admits virtually all the matters of fact set up in plaintiff's petition, but avers that the office of constable of ward 4 of Webster parish was abolished by Act No. 18 of the Legislature of Louisiana for the year 1926, which created a city court for Minden, and provided for the office of marshal therefor; that plaintiff became functus officio on October 20, 1926, the date the city marshal qualified.

The case was tried in and submitted to the district court on an agreed statement of facts, and judgment was rendered in favor of plaintiff for $16.67, being for salary for the first twenty days of October, 1926, but in other respects rejected his demand. Plaintiff has appealed.

In the statement of facts above mentioned appears the following admission, to-wit:

"It is admitted that the term of office of plaintiff has not expired, and will not expire until May 1st, 1928, unless the office of Constable for ward 4 of Webster Parish has been abolished by Act 18 of 1926, purporting to create a City Court for Minden and Ward 4 of Webster Parish."

Act No. 18 of 1926 clearly reflects its own purpose. The title commences by saying, "To abolish the offices of Justice of the Peace and Constable in Ward 4 of Webster Parish and to establish in lieu thereof the City Court of Minden," etc. Section 1 of the act follows the title, saying that the word "constable" is omitted.

The authority of the Legislature to abolish justice of the peace courts in wards embracing parish seats cannot be seriously questioned. Constitution 1921, art. 7, sec.

51; State v. Gooch, 164 La. 186, 113 So. 812. Section 49 of this article provides that:

"There shall be one constable for the court of each justice of the peace in the several parishes of the State."

Therefore, when the Legislature abolished the entire justice of the peace court of ward 4 of Webster parish, by the adoption of Act No. 18 of 1926, and created in lieu thereof the city court of Minden, the office of constable thereof was carried with it. Any other construction of said act, in the light of the Constitution, would leave plaintiff in office with no court to serve or take orders from, for certainly the marshal of Minden, under Act No. 18 of 1926, is the chief executive officer of the city court of Minden (section 8).

In view of the provisions of the Constitution above mentioned, the tenure of every constable and justice of the peace of wards wherein parish seats are located may be discontinued by legislative enactment, and the Supreme Court in State v. Gooch, 164 La. p. 187, 113 So. 812, held that such legislation is a competent exercise of power vested by the Constitution, even when adopted and intended to have effect before the terms of such officers have expired.

It is urged that plaintiff is estopped from denying the validity of Act No. 18 of 1926 because he submitted himself as a candidate for the office of city marshal of Minden at an election held under that law, prior to the filing of this suit.

The decision we have reached on the other defense to plaintiff's suit obviates a decision on the plea of estoppel.

We find no error in the judgment appealed from, and it is accordingly affirmed; cost of appeal to be paid by appellant.