160 So. 802

## STATE v. HADDAD.

### No. 33306.

April 1, 1935.

Frank A. Blanchard, of 'Shreveport, for relator.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., James U. Galloway, Dist. Atty., of New Orleans, and Lessley P. Gardiner, Sp. Asst. to Atty. Gen., for the State.

ODOM, Justice.

Relator was prosecuted for sending his minor child to a public school without presenting satisfactory evidence of vaccination or that the child was immune from the disease of smallpox, in violation of an ordinance adopted by the parish board of health.

Relator moved to quash the indictment on the ground that the ordinance under which the prosecution was instituted is unconstitutional. The motion to quash was overruled, relator was tried, convicted, and sentenced to pay a fine of $10, and, in default of the payment of the fine, was ordered to be imprisoned for ten days.

Relator then filed a motion in arrest of judgment on the ground that there was no valid law in the state of Louisiana authorizing such conviction and sentence, and reiterating his plea that the ordinance of the board of health under which he was prosecuted is unconstitutional. His motion in arrest was overruled. Whereupon he applied to this court for writs of certiorari, mandamus, and prohibition, which were granted.

In his return, the trial judge has called our attention to that part of section 10 of article 7 of the Constitution of 1921 which gives this court appellate jurisdiction in all cases "where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof."

He suggests that the writs be recalled, for the reason that this court has appellate jurisdiction. Since the writs were granted, the Attorney General has filed a brief in which he has joined the district judge in suggesting that the writs be recalled.

■ This court does not exercise its supervisory powers in cases where a defendant has a right of appeal. State v. Rost, 49 La. Ann. 1451, 22 So. 421; State v. Skinner, 33 La. Ann. 255, 257; State v. Robinson, 38 La. Ann. 968.

■ The legality or constitutionality of the penalty imposed being in contest, the relator unquestionably has the right of appeal in this case. City of New Orleans v. New Orleans Butchers' Co-Op. Abattoir, Inc., 153 La. 536, 96 So. 113; City of New Orleans v. Ernst, 155 La. 426, 99 So. 391.

It is therefore ordered that the writs heretofore granted be, and they are now, recalled, and relator's application is dismissed.