FOURNET, Justice.
 

 The defendant, S. F. Delia, prosecutes this appeal from the judgment of the Fourteenth Judicial District Court affirming his conviction in the City Court of De Ridder ■of having unlawfully sold intoxicating liquor contrary to a city ordinance adopted in pursuance to Act No-. 17 of the First Extra Session of 1935, as well as his sentence thereunder to pay a fine of $500 and costs and serve 60 days in jail, with an additional sentence of 60 days in the event ■of his failure to pay the fine.
 

 The state, through the district attorney ■and relying on the case of State ex rel. Hart v. Judge of First District Court, 113 La. 654, 37 So. 546, 547, has filed a motion in this court to have the appeal dismissed on the ground that the defendant, having appealed to the district court from his •conviction in the city court, is without right to prosecute this appeal from the district court’s decision affirming the judgment of the city court.
 

 In the Hart case the defendant’s appeal to the district court from his conviction in the city court of having violated a city ordinance, and his sentence thereunder to pay a fine of $1,000 or in lieu thereof to work for two years on the public roads, was dismissed in the district court upon a motion filed by the district attorney calling attention to the fact that the district court was without jurisdiction to entertain appeals where the fine was in excess of $300. Having been refused an appeal from the ruling of the district court dismissing his appeal there, he then, sought writs from this court in the exercise of its supervisory jurisdiction to either compel the district court to grant him an appeal from the ruling or, in the alternative, to compel the district court to exercise its jurisdiction. In declining to compel the district court to grant the appeal thus sought, this court said:
 

 "The order for appeal, if granted, would be without a basis upon which to rest, for, in all cases such as the one we have before us for decision, the appeal is direct to the Supreme Court. The course to be followed is direct to that court, and does not diverge to another court, so as to enable an appellant to take two appeals — one to the district court, and, if unsuccessful, then another to the Supreme Court.
 

 “The appeal must come up from the first judgment (the judgment rendered by the city court), and not from a judgment of
 
 *577
 
 the district court dismissing the first judgment for want of jurisdiction.
 

 “The action of the Supreme Court can be invoked only by the appeal before indicated; that is, from the court of original jurisdictoin.”
 

 This court, in the case of Town of Rayville v. Mann, 136 La. 237, 66 So. 957, 958, mandamused the Seventh Judicial District Court, to which an appeal had been taken from a conviction in the mayor’s court of Rayville, to pass on a plea attacking the constitutionality of the ordinance under which the defendant had been convicted, in conformity with the constitutional mandate found in Article 111 of the Constitution of 1913 that appeals from a mayor’s court should be tried de novo in the district court, and, in answering the argument that the district court was without jurisdiction to pass on the question raised by the pleadings because under Article 85 of the Constitution of 1913 the Supreme Court alone had appellate jurisdiction in “all cases in which the constitutionality or legality * * * of any fine, forfeiture, or penalty imposed by a municipal corporation, shall be in contestation, whatever may be the amount thereof,” said: “But the legality of the town ordinance was not contested in the mayor’s court in this case, and the appeal was therefore properly taken to the district court. State ex rel. Hart v. Judge, 113 La. 654, 37 So. 546, Town [of Many] v. Franklin, 115 La. 638, 39 So. 740. Defendant may have lost a right of appeal to the Supreme Court by failing to contest the legality of the ordinance in the mayor’s court; but he did not forfeit his right of appeal to the district court, and his right to have the case tried de novo there as it might have been tried originally in the mayor’s court.” Thus the court clearly indicated that if the legality of the ordinance had been attacked in the mayor’s court, the appeal would have been direct to the Supreme Court under Article 85 of the Constitution of 1913, then in effect. This view is fortified by the following statement found in the opinion of this court in the case of Town of Many v. Franklin, cited as authority for the holding in the Town of Rayville case just referred to: “The case at bar originated in the mayor’s court, and if the defendant had assailed in that court the constitutionality or legality of the town ordinance under which he was prosecuted, then our appellate jurisdiction would have attached. But, as there was no such contestation, the case was within the appellate jurisdiction of the district court. We have no appellate jurisdiction over the district court in such a case. The offense is not within our general criminal jurisdiction, and. our exceptional jurisdiction does not arise, unless there be a contestation over the constitutionality or the legality of the fine in the mayor’s or recorder’s court.” [115 La. 638, 39 So. 741.]
 

 In the constitutions of 1898 and 1913 (in effect when the Hart, Franklin, and Ray-ville cases were decided) is contained the provision that the appellate jurisdiction of the Supreme Court extends “to criminal cases on questions of law alone, whenever * * * a fine exceeding three hundred dollars, or imprisonment exceeding six months, is actually imposed.” Article 85. There is also contained in Article 111 the provision that “Persons sentenced to a fine
 
 *579
 
 or imprisonment, by Mayors or Recorders, shall be entitled to an appeal to the District Court of the parish, upon giving security for fines and costs of court, and in such cases trial shall be de novo and without juries.”
 

 While the framers of the Constitution of 1921, in treating on the subject matter found in these two articles, did change the phraseology and language somewhat and extended the appeals granted under Article 111 to municipal courts, these provisions, now found in Sections 10 and 36 of Articlé VII, are, for all intents and purposes, identical with those found in the former constitutions and we fail to find anything therein that would indicate any intention on the part of the framers to deviate from the established procedure then in effect by granting a defendant a right to two appeals from decisions rendered in the municipal courts.
 

 For the reasons assigned the appeal is dismissed.
 

 PONDER, J., takes no part.