LE BLANC, Justice.
These two cases were consolidated for argument and submission on appeal. Identical issues are involved in both.
The defendant in each case was charged in an affidavit filed in the City-Court of the City of Shreveport with having operated a motor vehicle in a careless and reckless manner on the streets of the City of Shreveport in that he did operate said vehicle while under the influence of intoxicating liquor and drugs, in violation of Ordinance 207 of 1923, as amended by Ordinance 26 of 1924, of that City.
The defendant Charlie Moore was charged with having committed the offense on December- 22, 1950 and defendant J. D. O’Daniel on February 17, 1951. 'Moore was tried in the City Court of the City of Shreveport on January 10, 1951 and O’Daniel, in the same Court on February 26, 1951. Each was found guilty and sentenced' to pay a fine of $100. and to' serve thirty days imprisonment and in default of payment of the fine to ^ork it oút on the streets and alleys of the City of Shreveport or other public works, at the rate of $1 per day for each day of labor performed. Also each defendant’s driver’s license was revoked.
Jl] In each case the defendant took an appeal to the First Judicial District Gouijt, ...Caddo .Parish, where in conformity with' the provisions of R.S. 1950, LS A — R.S. 13:2443, which regulates appeals from the City Court of the City of Shreveport in cases such as these, the cases were tried de novo. The conviction in each case was affirmed in the District Court, that of the defendant Moore on March 28, 1951 and that of O’Daniel on April 25, 1951. Motions for new trial and in arrest of judgment were filed and denied in each case whereupon each defendant moved for and was granted an appeal to this Court upon furnishing bond.
The City of Shreveport, relying on the decision of this Court in the case of State v. Delia, 206 La. 574, 19 So.2d 257, has filed a motion to dismiss the appeal in each case, on the ground that the defendants, having appealed to the First Judicial District Court, Caddo Parish, from their respective convictions in the City Court, are without right to prosecute their appeals here from the District Court’s judgments which affirmed the judgments of the City Court of the City of Shreveport.
Whilst it does not so appear in the record in either case, it is now admitted by counsel on both sides that the legality and constitutionality of the fine and penalty imposed in each case was contested in the City Court and the issue was again raised in and presented to the District Court.
Whilst this Court does have appellate jurisdiction under Section 10 of Article VII of the Constitution of 1921, “in all cases * * * where the legality, or *609 constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof, * * * ” nevertheless, under the established jurisprudence, the appeal in such cases (and this includes criminal as well as civil cases as held in State v. Goff, 106 La. 270, 30 So. 844) lies only from the Court of original jurisdiction direct to this Court and does not diverge to another Court, so as to-enable an appellant to take two appeals— one to the District Court, and, if unsuccessful there, then another to the Supreme Court. State ex rel. Hart v. Judge, 113 La. 654, 37 So. 546, cited with approval in State v. Delia, supra. (Emphasis supplied.)
Counsel for defendants contend, however, that in cases of this character there is the right to two appeals because under Sec. 36 of Art. VII of the Constitution, persons sentenced to pay a fine or to imprisonment by mayors are entitled to an appeal to the District Court, where the case is tried de novo on all issues involved, including the legality of the fine, and on this latter issue, if the judgment of the District Court sustains its legality then the further right of appeal to the Supreme Court exists under Sec. 10 of Art. VII of the Constitution.
There is nothing in either of those provisions of the Constitution however to warrant the assumption that two appeals can be taken on the one issue of the legality of the fine, and the settled jurisprudence, as counsel themselves concede, is to the contrary. If, as happened in this case, the legality of the fine is pleaded in the Mayor’s or Municipal Court and decided adversely to the defendant, he has the right, under Sec. 10 of Art. VII and under the fixed jurisprudence, to appeal directly to the Supreme Court to have that issue decided' by a final judgment. If he does not avail himself of that right of appeal, but chooses rather to appeal to the District Court under Sec. 36 of Art. VII and have his case tried de novo, he loses his right to appeal to the Supreme Court on the question of the legality of the fine. Should the decision go against him in the District Court to which 'he appealed, his only remedy would be to invoke the supervisory jurisdiction of the Supreme Court, and that -would also be his only remedy had he not contested the legality of the fine in the Municipal Court but raised that issue for the first time on appeal in the District Court. State v. Bonner, 193 La. 402, 190 So. 626; Town of Many v. Franklin, 115 La. 638, 39 So. 740.
Counsel for defendants make, the further postulation that if, under the present jurisprudence, in order to have the Supreme Court pass upon the legality of the fines imposed in the Municipal Court it is *611 necessary that an appeal he taken direct from that Court to the Supreme Court, a person sentenced in a Mayor’s or Municipal Court would have to give up the right of appeal to the District Court to have that Court, by a trial de novo, determine the question of his guilt or innocence. But we do not see why, by appealing to the Supreme Court on the issue of the legality of the fine, he should be held to have given up his other right of appeal to the District Court on the question of his guilt or innocence. There is nothing in the Constitution, as far as we know of, which prevents him from taking an appeal; within the legal delays, to each of the said Courts, each being vested with the proper appellate jurisdiction on each of these respective issues. That was the procedure taken by the defendant, appellant, in the case of City of New Orleans v. Vinci, 153 La. 528, 96 So. 110, 28 A.L.R. 1382. We observe, as appears from the opinion on rehearing, that the appeal in that case was dismissed because in the meantime defendant had been acquitted in the District Court and the question before the Supreme Court had thereby become moot; but shortly thereafter we find that the same procedure of taking two different appeals had been followed in the case of City of New Orleans v. New Orleans Butchers’ Co-op. Abattoir, Inc., 153 La. 536, 96 So. 113, and it was evidently sanctioned by this Court for it is stated at page 543 of the Louisiana Report and at page 115 of the Southern Reporter: “The rule is the same with regard to appeals from the municipal courts to the district courts in other parishes. The appeal does not go first to the district court and from that court to the Supreme Court. The reason is that the appellate jurisdiction of the two courts does not overlap, but extends to separate and distinct questions. State ex rel. Hart v. Judge, 113 La. 654, 37 So. 546; Town of Many v. Franklin, 115 La. 638, 39 So. 740. If, in such case, an appeal should be taken to the Supreme Court on the question of constitutionality or legality of the ordinance, and to the district court on all other questions at issue, it might be proper for us, if our attention should be called to the appeal to the other court, to await the decision of the other court, to avoid the possibility of deciding a moot case. See City of New Orleans v. Vinci, No. 25,430 [ante, 153 La. at page 528], 96 So. 110 [28 A.L.R. 1382], on rehearing.”
The motion to dismiss the appeal in each of these two cases will have to be sustained and the appeal in each dismissed. A separate decree will be entered in each case, the one which follows to be the decree in that of City of Shreveport v. -Moore, bearing Number 40,322 of the docket of this Court.
For the reasons assigned, the appeal is dismissed.
HAMITER, J., concurs in the decree.