55 So.2d 256

## CITY OF SHREVEPORT v. FLANAGAN.
### No. 40394.
Nov. 5, 1951.

Malcolm E. Lafargue, Shreveport, for appellant.

James T. Adams, Shreveport, for plain-tiff-appellee.

LE BLANC, Justice.

The defendant in this case was charged in an affidavit filed in the City Court of the City of Shreveport with having operated a motor vehicle in a careless and reckless manner on the Streets of that City in that he did operate the said vehicle while under the influence of intoxicating liquor and drugs, in violation of its ordinances in such cases made and provided.

The offense is charged as having been committed on December 2, 1950 and on De-

cember 18, 1950 he was arraigned in the City Court and entered a plea of not guilty. He was tried and convicted on that same day and sentenced to pay a fine of $100 and to serve thirty days imprisonment and in default of payment of the fine to work it out on the streets and alleys of the City of Shreveport or other public works, at the rate of $1 per day for each day of labor performed, and was also ordered to surrender his driver's license.

■ Defendant appealed to the First Judicial District Court, Caddo Parish, where in conformity with the provisions of R.S.1950, LSA–R.S. 13:2443, which regulates appeals from the City Court of the City of Shreveport in cases such as this, the case was tried de novo. In that Court he filed a motion to quash, a plea of unconstitutionality, a motion to vacate the sentence and a plea to the jurisdiction. Either the last two of these pleas were involved in the other two or were not pressed in the district court for we note in the opinion and decree handed down by the trial judge that only the motion to quash and the plea of unconstitutionality were directly passed on and overruled. After trial the Court rendered a verdict of guilty and the judgment of the City Court was affirmed. A motion for a new trial was argued, submitted and overruled and likewise a motion in arrest of judgment. The Court was then request-ed to pass sentence on the defendant upon the basis of its having found him guilty of the offense charged and without regard to the sentence passed on him by the City Court. Upon this request being denied counsel reserved a bill of exception and then moved for an appeal to this Court which was granted.

■ The City of Shreveport has filed a motion to dismiss the appeal based on the established jurisprudence as recognized in the two most recent cases of City of Shreveport v. Moore, 219 La. 604, 53 So.2d 783 and City of Shreveport v. O'Daniel, 219 La. 613, 53 So.2d 786, both of which arose out of charges of the same offense with which the present defendant is charged and the same procedure was followed with the sole exception that in those cases the district court had not been requested to sentence the defendants in accordance with its verdict and without regard to the sentence passed on them in the City Court of Shreveport which, however, has no bearing on the motion to dismiss the appeal. The motions to dismiss were thoroughly considered in those two cases which were consolidated for argument, and sustained. On the basis of those decisions the motion in the present case likewise must prevail.

For the reasons assigned, the appeal is dismissed.