FOURNET, Chief Justice.
Defendant, Charles Ehrlich, prosecutes this appeal from his conviction and sentence to a fine of $25 or 30 days in jail on a charge of violating Articles 5407 and 5420 of Ordinance No. 17525 C.C.S.,[1] relying here for reversal thereof on the argument, as presented in the trial court, that the ordinance violates Articles I and II of the Constitution of the United States.
This appeal must be dismissed for lack of jurisdiction. In setting forth the basis for jurisdiction of this court, counsel for defendant evidently overlooked that the case of City of New Orleans v. New Orleans Butchers’ Co-op Abattoir, 153 La. 536, 96 So. 113, upon which he relied, was decided under the provisions of Article 7, Section 10 of the Constitution prior to its amendment by Act No. 561 of 1958 which now provides, “The following cases only shall be appealable to the Supreme Court: * * * (2) Cases in which an ordinance of a parish, municipal corporation, board or subdivision of the state, or a law of this state has been declared *229 unconstitutional; * * * and (5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed. * * * ” (Emphasis added.)
For the reasons assigned, the appeal is dismissed.

. The ordinance is relative to the requirement that there be constant and continued presence of a Second Class Operating Engineer on the premises of all plants using air-conditioning with a horsepower in excess of seventy-five.