## No. 14,383.

## STATE EX REL. A. F. McMAIN vs. TOWN OF POLLOCK.

### SYLLABUS.

1. Where the decision of a cause in one of the inferior courts turns upon the fact whether a statute be constitutional or not, it is only when the lower court holds the statute to be unconstitutional that the cause can be appealed to the Supreme Court on that issue where the matter in dispue is below the appellate jurisdiction of that court.

2. The Supreme Court will not take jurisdiction of a cause upon implied allegations. Allegations should be direct and specific.

A PPEAL from the Thirteenth Judicial District, Parish of Rapides —*Blackman*, J.

Relator demanded, before the District Court for Rapides Parish, that the Mayor and Treasurer of the town of Pollock be *mandamused* to issue to him a license for the year 1902, to retail spiritous liquors and intoxicating liquors within the boundaries of said town and to pay him twenty-five hundred dollars damages, which he alleged he had sustained by reason of their having refused illegally to issue the same. This demand having been rejected and his suit dis missed, he has appealed.

The defendants set up in defense the prohibitory provisions of Act No. 130 of the General Assembly of 1900 enacting that it should there-

after be unlawful for any person to engage in the selling, giving away, bartering or exchanging of intoxicating liquors except for individual, scientific or sacramental purposes within three miles of the High School of the town of Pollock, and subjecting any persons violating the provisions of that act, on conviction, to pay a fine of not less than twenty-five dollars, nor more than two hundred and fifty dollars, or be imprisoned not less than ten days, nor more than three months. Defendants averred that said Act No. 130 was constitutional, legal and valid in its entirety, and that it in no way conflicted with any of the statutes of Louisiana, nor with Article 49 of the Constitution of 1898.

The case was tried on the following agreed statement of facts:

"It is admitted that the Mayor and Treasurer are the proper ones to issue a retail liquor license for the town of Pollock, Grant Parish, La.; that a legal tender for said license was made by this plaintiff on January 24, 1902. It is shown that on the 8th day of February, 1898, an election was held in the town of Pollock under Act No. 76 of the acts of the General Assembly of the State of Louisiana of 1884, and due promulgation thereof and a large majority of the voters of said town decided at said election in favor of selling liquor therein.

It is further admtted that the town Council of the said town fixed for the year 1902, the retail liquor license at the sum of five hundred dollars. It is further admitted that the public school in the town of Pollock, or the authorities, have in no way complied with Section 10 of the Act 81 of the Acts of the General Assembly of the State of Louisiana of 1888, and it is not in contemplation of said act a high school under said act. Thus done and signed on this —— day of February, 1902.

A. F. McMain, plaintiff.

Per Ryan and Blackman, Attys.

W. P. Guynes, *Mayor.*

F. Hamilton, *Treasurer.*

The District Court refused the *mandamus* and dismissed plaintiff's suit and he appealed.

---

*Ryan & Blackman,* for Plaintiff, Appellant.

---

Defendant, Appellee, represented by W. P. Guynes, its Mayor, and F. Hamilton, its Treasurer.

The opinion of the court was delivered by

NICHOLLS, C. J. In his petition for a *mandamus* relator had alleged and maintained that Act No. 130 of 1900 conflicted with Article 49 of the Constitution of 1898; that by Act No. 76 of the Acts of 1884, the Legislature conferred upon the people of the towns of the State plenary power over the question of retailing spiritous liquors and a subsequent Legislature had no power to pass Act No. 130 of 1900 to indirectly repeal a general law by the enactment of a special local law. That Section 10 of the Acts of 1888 provided how high schools throughout the State should be established. It provided in substance that the local School Boards should pass ordinances to that effect and submit same to the State Board of Education, and that no high shool should be opened without its sanction. It provided that suitable buildings, etc., had to be donated to the school as a prerequisite to its establishment by the State Board and none of these things had been done. "The mere fact that the decision of a case in one of the inferior courts depended upon whether a certain law of the State be constitutional or not, does not vest in the Supreme Court appellate jurisdiction over it. If the matter in dispute fell within our general appellate jurisdiction, that particular issue would be taken up and disposed of as would any other involved in the suit, but if not we could only take cognizance of an appeal in the cause, should the lower court have pronounced against the constitutionality of the act. In the case at bar, the District Court sustained the constitutionality of the statute, we have, therefore, to inquire whether the subject-matter of the suit was such as to give this court jurisdiction independently of this particular question; if not, we could not reverse the judgment. Allegations as to the amount of the matter in dispute avail nothing, if they be made solely for the purpose of obtaining jurisdiction. The claims advanced must be serious, not fictitious. In the case before us the relator claimed twenty-five hundred dollars damages against the mayor and treasurer of the town of Pollock for refusing to disobey a law of the State, and to determine for themselves that the law was unconstitutional. We do not think this demand was seriously advanced, particularly in a *mandamus* proceeding. We do not think relators had for a moment an idea of recovering damages to the amount demanded, even if any at all. Relator does not allege that had he been granted the license he sought, the profits of his

business for the year would have been twenty-five hundred dollars. It is true that Article 1934 of the Civil Code declares that the general rule is that "damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived," and that this same rule with some modification applies to damages in other cases, and that therefore when a person claims twenty-five hundred dollars damages the demand carries with it an implied assertion that that sum was the amount of gain which the party had or would be deprived of, but we are of the opinion that in a matter of this kind, we should deal with something more than implied allegations. The allegations should be specific and direct; besides this, the damages which the relator sets up are not damages actually accrued, but for assumed, prospective and contingent profits.

We are of the opinion that we have no jurisdiction of this cause, *ratione materiae*, and the appeal is hereby dismissed.