(54 South. 940.)

No. 18,315.

### CITY OF CROWLEY v. BRANDE.

(April 10, 1911.)

*(Syllabus by the Court.)*

COURTS (§ 224*) — APPEAL — JURISDICTION — CONSTITUTIONAL QUESTIONS.

No appeal lies to this court from the judgment of a municipal court, sustaining the legality of a municipal ordinance and sentencing a defendant to pay a fine of $100 or suffer imprisonment in jail for 30 days.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 608–618; Dec. Dig. § 224.*]

Appeal from City Court of Crowley; W. P. Campbell, Judge.

A. W. Brande was convicted of violating an ordinance of the City of Crowley, and appeals. Dismissed.

Taylor & Gremillion, for appellant. Harry W. Gueno, for appellee.

MONROE, J. Defendant was charged, by affidavit, before the city court of Crowley, with keeping a house for gambling purposes and allowing gambling to be carried on there, and he moved to quash the affidavit, on the ground that the ordinance under which he was prosecuted has never been legally passed, published, or promulgated, as required by law, and that it does not cover the offense charged, which motion was overruled. Thereafter, as we are informed by a bill of exception that we find in the record, defendant pleaded to the charge, the case went to trial, the city of Crowley introduced the testimony of two witnesses, and defendant, offering no evidence, was adjudged guilty, and sentenced to pay a fine, or, in default of such payment, to imprisonment. The bill of exception further recites that the counsel for the city of Crowley closed the case—

"without offering in evidence any ordinance, or affidavit, or certificate from the city clerk, or the public printer, showing that such ordinance had been legally printed, published, and promulgated, in view of the fact that the constitutionality of said ordinance had been attacked on the ground that it had not been promulgated as required by the laws regulating and governing the city of Crowley."

The bill further shows that a suspensive appeal was allowed from the judgment referred to, and the defendant has lodged the appeal here. But this court has no appellate jurisdiction, whether by reason of the offense charged or the penalty imposed, and could exercise such jurisdiction only if the ordinance which defendant attacked had been declared unconstitutional. Const. art. 85.

The appeal is therefore dismissed.