BREAUX, C. J.
Plaintiff brought this suit against the defendant on a claim of $100 for medical services rendered to an inebriate under Act No. 157 of the General Assembly of the year 1894. Upon his petition, judgment was rendered against the city of Crowley, in which the inebriate lived.
The plaintiff and appellee filed a motion to dismiss the appeal on the ground that this court is without jurisdiction of the case, the amount being only $100.
The defendant and appellant in its answer attacked the act cited supra as unconstitutional.
*781 The lower court did not sustain the plea and gave judgment as before mentioned.
[1] If the lower court had pronounced the law unconstitutional, there would be a right of appeal. Having, on the contrary, declared it constitutional, there is no such right. It is when an act has been pronounced unconstitutional that an appeal lies. State ex rel. McMain v. Pollock, 108 La. 594, 32 South. 558. See, also, the Constitution of 1898.
[2] The lower court having declared the law constitutional, the appeal will have to be dismissed. This court has no authority to remand the case to the Court of Appeal, for that court has no jurisdiction. The Court of Appeal has jurisdiction extending to all eases, civil or probate, when the matter in dispute exceeds $100, exclusive of interest. As the issue relates exclusively to $100, the case is not appealable to that court. Act No. 137 of 1906 does not enlarge the jurisdiction of the court. It follows that neither the Supreme Court nor the Court of Appeal has jurisdiction. The appeal is dismissed, and the court does not grant the usual order transferring the case to the Court of Appeal, for reasons before stated.