(91 South. 850)

No. 24970.

## STATE ex rel. CHANDLER v. CITY OF SHREVEPORT et al.

## In re CHANDLER.

(Jan. 30, 1922.   Rehearing Denied May 15, 1922.)

*(Syllabus by the Court.)*

Courts ⚖=224(11)—Amount which mandamus would require defendant to spend is test of jurisdiction.

Where the pecuniary result of allowing a mandamus is in effect to compel the respondent to expend money, the amount of such expenditure is involved in the controversy, and is the test of appellate jurisdiction.

Mandamus by the State, on the relation of Greene C. Chandler, against the City of Shreveport and others. The relator's appeal from an adverse judgment was dismissed by the Court of Appeal, and relator applies for writ of certiorari or writ of review. Judgment dismissing appeal reversed, and appeal reinstated.

Fisher & Walker, for applicant.

B. F. Roberts, City Atty., of Shreveport, for respondents.

By the WHOLE COURT.

ST. PAUL, J. This case involves a question of appellate jurisdiction arising under the Constitution of 1898, which gave jurisdiction to the Courts of Appeal only when the amount involved was more than $100 and less than $2,000. The Court of Appeal dismissed the case, because it found that no amount whatever was involved. The appellant (relator) insisted that the amount involved was $600.

### I.

The facts are admitted in the pleadings, and, are substantially as follows: The respondent city was chartered under Act 302 of 1910, and pursuant to the provisions of that act 33 per cent. of the electors presented a petition requesting the council to pass a certain ordinance or submit it to a vote of the people, which ordinance purported to "fix the source of water supply for the city of Shreveport," and named Red river as such source of supply. It provided, further, that it should be "unlawful for those supplying the city with water to take water from Cross Bayou unless in case of emergency" and upon notice given to the health officer of said city, all under penalty of $100 to $500 for a first violation, to be doubled in case of a second.

### II.

The council refused either to pass the ordinance or to submit it to the people,

whereupon the relator sought by mandamus to compel it to do the latter.

Thereupon the respondents answered, admitting all the facts alleged, but set up in defense that the ordinance is "not legislative in character, but purely executive and administrative, and as such not subject to referendum" under the statute aforesaid; that said ordinance is "unreasonable"; that it is "vague and indefinite"; that it delegates to the health officer the power to decide "whether or not an act is a crime"; that it is ultra vires, in that it provides for a maximum fine of $1,000, whilst section 10 of Act 158 of 1898 limits the fines which may be imposed by said city to $100, and Act 25 of 1920, which raises that limit (but itself fixes the limit at $600) is unconstitutional for various reasons; and, finally, "that the cost of an election submitting said proposed ordinance will be at least $600, which respondent will have to pay for an election that would be void, even if carried, and this money, in all events, would be a total loss and waste."

All of which means simply that said ordinance, even if adopted, would be null and void, and that to allow the mandamus would be to waste $600 of the city's money.

### III.

In State ex rel. Nicholls v. New Orleans, 41 La. Ann. 156, 159, 6 South. 592, this court held that, where a mandamus directed to the city, ordering it to carry out a certain statute, would in—

"pecuniary effect or result, be tantamount to a mandamus directed to the city council, ordering an appropriation [exceeding $2,000], * * * it is too patent to admit of any doubt or discussion that, by such a judgment, the city * * * would be effected in her pecuniary interest in an amount exceeding $2,000, and *that* is the matter in dispute in the controversy."

And continuing the court said:

"It therefore follows that, if cast in the suit, the defendant [city] would have had the unquestioned right of appeal to this court, and it is well settled in our jurisprudence that such a feature in a cause is the proper test of jurisdiction in case of appeal by either party to the controversy. Conceding therefore, that the Governor [relator] has no direct or pecuniary interest in the contestation, it is quite apparent that the judgment to be rendered in the cause will effect the city * * * in an amount exceeding the lower limit of our jurisdiction, and that his right of appeal to this tribunal must be recognized and enforced."

We are unable to distinguish any difference in principle between that case and the case at bar. The test of jurisdiction is the $600 which it will cost the city of Shreveport to hold the election, and which a judgment against it would in effect direct it to spend. The Court of Appeal had jurisdiction.

### Decree.

The judgment of the Court of Appeal, dismissing the appeal for want of jurisdiction, is therefore reversed, and it is now ordered that said appeal be reinstated, to be proceeded with according to law. Respondents to pay the costs of this court, and all other costs to abide final judgment.