On Motion to Dismiss.
ST. PAUL, J.
[1] Defendant was convicted of violating -an ordinance of the city of New Orleans. He put at issue in the court below, the constitutionality and legality of the ordinance.
The appellee moves to dismiss the appeal on the ground that this court is without jurisdiction, the trial court not having declared' the ordinance unconstitutional or illegal, but, on the contrary, having sustained said ordinance, and defendant having been fined only $10.
The motion to dismiss must be denied. Article 7, § 10, Constitution of 1921 (article 85, Const. 1898 and 1913; article 81, Const. 1879), gives this court appellate jurisdiction in all cases “where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the state shall be in contest, whatever may be the amount thereof,” as well as in cases where the ordinance has actually been declared unconstitutional. (Italics ours.)
It is clear, therefore, that it suffices to give this court jurisdiction that the constitutionality or legality of the ordinance was “in contest,” even though it was not declared to be unconstitutional. In Shreveport v. Mackie, 140 La. 724, 73 South. 842, this court entertáined an appeal in a case where the legality of a municipal ordinance was merely in contest, and the ordinance not been declared illegal or unconstitutional. It is true, however, that no point of jurisdiction appears to have been made.
Crowley v. Brande, 128 La. 457, 54 South. 940, and Wolf v. Commission Council, 144 La. 107, 80 South. 216, holding views in conflict with those herein above expressed/ are now overruled.
Young v. Crowley, 131 La. 780, 60 South. 242, McMain v. Pollock, 108 La. 594, 32 South. 558, and McCune v. White, 137 La. 310, 68 South. 621, have no application, as those cases involved acts of the Legislature, as to which the Constitution makes no such provision for an appeal to this court except where the statute has actually been declared unconstitutional.
The motion to dismiss is therefore denied.
O’NIELL, J., being absent from the state, takes no part in the decision of the case.