(III So. 789)

No. 26065.

## BOARD OF HEALTH OF STATE OF LOUISIANA v. TOWN OF DE QUINCY et al.

(Feb. 28, 1927.)

*(Syllabus by Editorial Staff.)*

**1. Courts ⬦224(9)—Supreme Court has jurisdiction of appeal from judgment, in suit to restrain use of jail not complying with statute, where reconstruction to fulfill requirements would cost more than $2,000 (Act No. 251 of 1918).**

Supreme Court *held* to have jurisdiction of appeal from judgment, in suit to restrain town from confining prisoners in town jail on ground that jail was not constructed and maintained in accordance with Act No. 251 of 1918, where reconstruction to fulfill requirements of statute would cost more than $2,000, since such remodeling would be inevitable result if plaintiff's application were sustained in its entirety.

**2. Courts ⬦224(9)—Where pecuniary result of granting injunction was to compel the expenditure of money, such amount is test of appellate jurisdiction.**

Where pecuniary result of granting injunction prayed for was, in effect, to compel respondent to spend money, amount of such expenditure is involved in controversy and is test of appellate jurisdiction.

**3. Prisons ⬦1—Town held permitted to use jail, containing only two cells, to confine two classes of prisoners (Act No. 251 of 1918, § 2).**

In suit by state board of health to restrain town from using jail containing only two cells, on ground that it did not comply with Act No. 251 of 1918, § 2, requiring four cells, plaintiff *held* entitled only to order limiting use of jail to confining of not more than two classes of prisoners; one class in each cell, classes being men, women, white, and colored prisoners.

**4. Appeal and error ⬦749—Constitutional objections raised in lower court by defendants will not be considered on appeal by plaintiff, where defendants did not answer appeal (Act No. 251 of 1918).**

In suit to restrain use of jail, not complying with Act No. 251 of 1918, constitutional objections to statute raised in lower court will not be considered on appeal by plaintiff from judgment granting relief in part, where defendants did not answer appeal, but, in effect, prayed for affirmance.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Jerry Cline, Judge.

Suit by the Board of Health of the State of Louisiana against the Town of De Quincy and others. From a judgment granting the relief prayed for in part, plaintiff appeals. Affirmed.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., John J. Robira, Dist. Atty., of Lake Charles, for appellant.

A. O. King, of Lake Charles, for appellees.

THOMPSON, J. This is an application by the state board of health for an injunction to restrain the authorities of the town of De Quincy from confining prisoners in the town jail, on the ground that said jail was not constructed and was not maintained in accordance with the requirements of Act 251 of 1918.

The court below sustained the plaintiff's demand to the extent of enjoining the officers of the municipality from using said jail as now constructed:

"For the purpose of confining more than two classes of prisoners, that is, from confining both men and women and people of the white and colored races; they may, however, confine any two classes, as above specified, in said jail, by setting apart one of the cells therein for one class and the other cell for another class of prisoners."

From the judgment so rendered the board of health has appealed.

[1, 2] The defendant has moved to dismiss the appeal on the ground that there is no monetary value involved sufficient to give this court jurisdiction, and that the allegations of the petition do not otherwise bring the case within the provision of the Constitu-

tion conferring appellate jurisdiction on this court.

In the answer of defendant it is alleged that to alter or reconstruct and equip the jail, as provided in and required by Act 251 of 1918, would cost the town a sum in excess of $2,000.

Mr. Hereford, mayor of the town, testified that to reconstruct and equip the jail in conformity with the requirements of the Act of 1918 would cost the town somewhere between $2,000 and $2,500.

It is true, this is not a suit to compel the town to remodel its jail in accordance with the act referred to, but that would be the necessary and inevitable result if plaintiff's application for an injunction were sustained in its entirety.

In State ex rel. Nicholls v. New Orleans, 41 La. Ann. 156, 6 So. 592, the court held that where a mandamus directed to the city, ordering it to carry out a certain statute, would in—

"pecuniary effect or result, be tantamount to a mandamus directed to the city council, ordering an annual appropriation [exceeding $2,000] * * * it is too patent to admit of any doubt or discussion that, by such a judgment, the city, * * * would be affected in her pecuniary interest in an amount exceeding $2,000, and that is the matter in dispute in the controversy."

In the case of State ex rel. Chandler v. City of Shreveport, 151 La. 491, 91 So. 850, the relator sought by mandamus to compel the city to pass an ordinance or submit such an ordinance to a vote of the people, fixing the source of water supply for the city. It was contended, among other defenses, by the city that to hold an election would cost the city $600.

The Court of Appeal dismissed the appeal for lack of jurisdiction, there being no amount involved.

The Supreme Court on writ of review reversed the Court of Appeal and ordered the case reinstated on the docket of that court.

"Where the pecuniary result of allowing a mandamus is in effect to compel the respondent to expend money, the amount of such expenditure is involved in the controversy, and is the test of appellate jurisdiction."

The cases cited must control our decision here.

For, as already stated, if plaintiff's injunction was perpetuated as prayed for, the effect would be that the town would have to alter its jail to conform to the statute, and to do this would, admittedly, cost the town in excess of $2,000.

The motion to dismiss is therefore overruled.

[3] The jail in question is an old one, built long prior to the Act of 1918. It was made of brick with a cement floor.

It has not been altered or reconstructed in the precise manner, as directed by the statute, and has not been equipped with all of the modern utilities and conveniences exacted and required for the health, happiness, and comfort of those held to answer or to serve time for the violation of the town ordinances.

The jail is, however, safe for the confinement of prisoners and serves the purposes of the town in that respect. It has been kept in as sanitary condition as the situation and circumstances would permit. It was properly screened and adequately ventilated. It was heated when heat was required.

It was connected with running water from the water supply of the town, with a faucet in each cell. There being no sanitary sewers in the town, each cell was provided with a zinc bathtub and fitted with fly and water proof sanitary night soil cans.

Each cell was furnished with a washstand, wash basin, towels, soap and clean bedding. The walls and woodwork had been freshly painted when this suit was filed.

We repeat, therefore, that under the showing made, while the jail does not measure up to the standard exacted by the statute, except

as hereafter stated, it was kept and is in as good, safe, and sanitary condition and with such conveniences for the prisoners as the condition, situation, and circumstances of the town permitted.

It was admitted that the jail contained only two cells, but the evidence shows that white and colored people were never placed in the same cell. Nor were men and women of either race ever locked up in the same cell.

Section 2 of Act 251 of 1918 requires that each and every municipal, parish, or state prison, lockup, or camp must be of sufficient size and strength to hold and keep securely the prisoners contained therein; and, when used for both sexes and both races, such jail must contain at least four separate apartments, one for white men, one for white women, one for colored men, and one for colored women.

It will be observed that this requirement of the statute only applies and is only to be enforced where the jail is used for confinement of both sexes and both races. Otherwise, this provision and requirement is not mandatory.

As already stated, it had been the invariable custom of the town authorities not to confine in the same cell prisoners of different sexes or different races.

The trial judge took cognizance of this requirement of the statute and sustained the plaintiff's demand to that extent.

We are of the opinion that the court granted all the relief which the plaintiff board is entitled to, under the evidence and the conditions surrounding the subject-matter at issue.

[4] We have not considered the constitutional objections raised in the lower court against the statute in question for the reason that the defendants have not answered the appeal, have not discussed the matter in brief, but, on the contrary, have, in effect, prayed for the affirmance of the judgment.

Judgment affirmed.