On July 18, 1941, Frank M. Edwards, the Sheriff of Tangipahoa Parish, filed a suit against Jerome A. Hayes, Supervisor of Public Funds, Steve Alford, Superintendent of State Police, and the members of the Crime Commission, asking for an injunction against them to prevent them or their agents from interfering with plaintiff in the discharge of his duties as sheriff, and especially restraining and enjoining the defendants, or either of them, from taking possession of certain books and records of the sheriff's office; from placing agents and auditors in his office for the purpose of audit or otherwise, and from removing from his office any books and records thereof. A restraining order was issued on the petition of the sheriff and a rule nisi was also issued against all defendants to show cause why an injunction should not issue as prayed for.
After the filing of various exceptions, the defendants answered and the case was tried, resulting in a judgment in favor of the plaintiff and against Jerome A. Hayes, Supervisor of Public Funds, and Steve Alford, Superintendent of State Police, restraining and enjoining them from taking possession of the books and records of the sheriff's office; from interfering with or usurping the functions of the sheriff; from placing agents or appointees in his office for making any further audits, except the next regular annual audit of the sheriff's office as tax collector, and the semi-annual audit of the sheriff's salary fund, as required by law, unless and until a further audit is shown to be necessary; and from taking possession of or removing from the sheriff's office any books and records pertaining to said office. The restraining order was dissolved and the suit dismissed as to the members of the Crime Commission.
A few days after the suit for an injunction was filed by plaintiff, he filed another suit against Hayes, Supervisor of Public Funds and the members of the Crime Commission, asking for a mandamus to issue against these defendants, ordering them to return and restore to his office certain books and records specified in the petition, which he claims were illegally taken from his office by the defendants, their agents and auditors. Various exceptions were filed in this suit which are not necessary to mention here as they are not urged on the appeal, and, after answer filed, this case was consolidated with the injunction suit for the purpose of trial, but separate judgments were rendered in each case. In the mandamus suit, a judgment was rendered in favor of plaintiff and against Supervisor Hayes making the alternative writ of mandamus peremptory and ordering Hayes, his agents and auditors, to forthwith return the books and records named in the judgment, except that part of the specified records which had been returned to and deposited in the office of the clerk of court per inventory filed with the answer. The suit was dismissed as to the members of the Crime Commission.
The defendants, against whom a judgment was rendered in the injunction suit, obtained an order for a devolutive appeal to this court, and the defendant in the mandamus suit obtained an order for a suspensive appeal to this court. The appellee filed a motion to dismiss the appeal, which motion we construe to refer only to the injunction suit.
The motion to dismiss is based on three grounds; namely, that the suit involves a contest over the office of sheriff, the emoluments of whose office exceed $2,000; that the appeal is from a writ of preliminary injunction, and there is no appeal from such an interlocutory order; and the question involved in the injunction suit has become moot. Whether or not the motion was intended to apply to both cases, we have concluded that this court has no jurisdiction in the injunction suit but does have jurisdiction in the mandamus suit, and for that reason a separate opinion is written in the latter suit, what is said below applying to the injunction suit.
There is no merit in the last two grounds for dismissal, but, in our opinion, there is sufficient ground appearing from the record in the injunction suit to justify us in declining jurisdiction of this appeal and *Page 630 
transferring this case to the Supreme Court where we think it properly belongs.
The principal allegations of the petition for an injunction are that the auditors, acting under instructions from defendants, have taken possession of certain records of the sheriff's office, which records have been lost, misplaced or destroyed while in the possession of these auditors; that these auditors have been in the office of the sheriff for four months and completed their annual audit through June 30, 1941, and said auditors have made a demand for an audit of the period from June 30 to July 15, 1941; that there is no occasion for this partial audit for this short period of time after the completion of the annual audit, as the sheriff had made a full settlement with the State up to the end of this period. In the following articles of the petition, the allegation is made that if these auditors are permitted to continue their audit and keep the sheriff's records, it will interfere with him in the discharge of his duties as sheriff.
In answer to this petition, the defendants allege that the auditors had made an incomplete audit of the sheriff's books and records through June 28, 1941, which disclosed a discrepancy in the sheriff's account in the sum of approximately $6,000; that one of the sheriff's deputies stated to the auditors on July 15, 1941, that this deficit was made up of post dated checks which he had deposited to the credit of the sheriff on July 12, 1941, which checks had not been shown to said auditors; that it became necessary for the auditors to extend their audit through July 15, 1941, to ascertain the source of said deposit.
From the pleadings, it will be seen that the case involves principally the question of whether or not there was a deficit or shortage in the sheriff's accounts of approximately $6,000 at the close of the audit on June 30, 1941, and the right of the auditors to ascertain and determine from the records of the sheriff after that date whether or not this shortage existed. Therefore, this case involves as a pecuniary result the potential liability of the sheriff of an amount approximately $6,000; that is to say, if such a shortage should be found to exist, the sheriff would be subjected to a liability of that amount, and on the other hand, if no such shortage does exist, he would be relieved of that amount of liability.
Where the pecuniary result of granting an injunction, or other similar writ, would compel one of the parties to spend, or become liable for spending, a sum of money, such sum determines the jurisdiction of the appellate court, where, otherwise, there is no specific amount in dispute. While in this case the maintaining or the dissolving of the injunction would not have the direct effect of relieving or holding the sheriff responsible for the amount of the alleged deficit, yet the real matter in dispute is the determination of whether or not there is a liability on the part of the sheriff for an amount above the jurisdiction of this court. This seems to have been the interpretation placed on the question by the Supreme Court in the case of Board of Health v. Town of De Quincy, 163 La. 369, 111 So. 789.
For the reasons herein assigned, and in accordance with Act 19 of 1912, it is ordered that the appeal in this case be transferred to the Supreme Court of Louisiana; that the appellants be and they are hereby given thirty days from the return of the record in this case to the district court after this judgment becomes final in which to file and perfect this appeal in the Supreme Court, and on their failure to do so, the appeal to stand as dismissed.
LE BLANC, DORE, and OTT, JJ., concur.