**95 So.2d 492**

Norman Glenn **KIHNEMAN**

v.

**LOUISIANA STATE BOARD OF OPTOME-
TRY EXAMINERS.**

No. 43273.

May 6, 1957.

For opinion of Court of Appeals, see 96 So.2d 402.

William J. Kihneman, New Orleans, for plaintiff-appellant.

Thompson, Thompson & Sparks, by Wood H. Thompson, Monroe, William J. Wegmann, New Orleans, for defendant-appellee.

McCALEB, Justice.

Plaintiff, a graduate of the Monroe College of Optometry of Chicago, Illinois, is seeking a writ of mandamus ordering the Louisiana State Board of Optometry Examiners to permit him to take the examination as provided by law (Chapter 12, Title 37 of the Revised Statutes of 1950) for a certificate to practice optometry in Louisiana or, in the alternative, to issue him a license to engage in the practice of optometry without an examination. In his petition plaintiff alleges that the defendant has arbitrarily refused either to permit him to take the required examination or to issue him a license to practice his profession under waiver of examination and that R.S. 37:1049, which prescribes that an applicant for examination shall have graduated from a school or college of optometry approved by the Board, is unconstitutional in that it is unreasonable and does not afford due process.

Admitting the salient facts, defendant joined issue by denying that its action in the premises was unlawful in any respect and, after a trial, judgment was rendered rejecting plaintiff's demands. Plaintiff has appealed and asserts jurisdiction here on the theory that the legality and constitutionality of a fine, forfeiture or penalty is in contest.

The fifth paragraph of Section 10 of Article 7 of the constitution of 1921 vests this Court with appellate jurisdiction of all cases " * * * where the legality, or constitutionality of any fine, forfeiture or penalty imposed by a parish, municipal corporation, board or subdivision of the State shall be in contest, whatever may be the amount thereof, * * *". We, however, think it clear that this provision is without pertinence to this appeal. No fine, penalty or forfeiture has been imposed upon appellant by the defendant board. Indeed, in seeking to have defendant ordered to permit him to take an examination to the end that he may obtain a certificate to practice optometry, appellant is merely pursuing enforcement of an alleged right, which he claims has illegally and unconstitutionally been denied him.

The cases cited by counsel for appellant are not authority for his contention that this Court has jurisdiction of this appeal. Those cases,[1] excepting City of Alexandria

1. Liquified Petroleum Gas Comm. v. E. R. Kiper Gas Corp., 229 La. 640, 86 So. 2d 518; City of Shreveport v. Moore, 219 La. 604, 53 So.2d 783; City of Shreveport v. O'Daniel, 219 La. 613, 53 So.2d 786; State v. Bonner, 193 La. 400, 190 So. 625; Town of Springhill v. Murphy, 170 La. 1054, 129 So. 634; City of New Orleans v. Vinci, 153 La. 528, 96 So. 110, 28 A.L.R. 1382 and State v. Dunning, 224 La. 204, 69 So.2d 16.

v. Alexandria Fire Fighters Ass'n, 220 La. 754, 57 So.2d 673, wherein a statute was held unconstitutional, involve the legality or constitutionality of penalties assessed by governmental bodies.

It is ordered that this case be transferred to the Court of Appeal, Second Circuit, the transfer to be made within 30 days after this decree has become final; otherwise, the appeal is to be dismissed. · Plaintiff is to pay the costs of appeal to this Court and the costs of transferring the case to the Court of Appeal.